ART-KRAFT SIGNS, INC., A CORPORATION, APPELLANT,
v. THE COUNTY OF HALL, A BODY CORPORATE, AND DAN
HOSTLER ET AL., APPELLEES, AND CHARLES HANNON
ET AL., THIRD PARTY DEFENDANT APPELLEES.

279 N. W. 2d 159

Filed May 22, 1979. No. 42267.

Vincent L. Dowding of Luebs, Dowding, Beltzer & Leininger, for appellant.

Sam Grimminger, Hall County Attorney, and Jack Zitterkopf, for appellees County of Hall and Dan Hostler.

Heard before KRIVOSHA, C. J., McCOWN, AND WHITE, JJ., and RONIN and HAMILTON, DISTRICT JUDGES.

RONIN, District Judge.

This action was brought by the plaintiff, Art-Kraft Signs, Inc., a corporation, in the District Court for Hall County, Nebraska, on December 30, 1974, to enjoin the defendants, County of Hall, Nebraska, and its county engineer, Dan Hostler, from removing two large outdoor advertising signs owned and erected by plaintiff adjacent to Interstate Highway No. 80 in Hall County, Nebraska. The material facts in this case are not disputed.

The construction of interstate highway 80 caused

the dead-ending of many public roads at points where they would have otherwise intersected with interstate highway 80. One such public township road dead-ended at a location three-quarters of a mile west of U. S. Highway No. 281 and interstate highway 80 interchange. A third party defendant herein, Emil Schaaf, is an abutting owner of farmland to the said township road immediately north and adjacent to interstate highway 80. The dead-end portion of this township road, for some distance north of interstate highway 80, was seldom used by the public after the construction of interstate highway 80. The evidence further establishes that all maintenance of this portion of the township road was stopped, the road was closed, and its surface allowed to seed. Emil Schaaf, as the abutting landowner, used said public road area as pasture.

In 1968, plaintiff executed a ground lease agreement with Emil Schaaf for the purpose of securing the right to erect a sign on the township road area used by Emil Schaaf as pasture. The plaintiff then built a large billboard on the leased ground without the consent or knowledge of the defendant county. The plaintiff rented the use of the sign to the Bosselman Truck Plaza.

At approximately the same time plaintiff executed a similar lease agreement with third party defendant, Charles Hannon, who was an abutting landowner to a county road at a location approximately one-quarter mile east of the same interstate highway 80 interchange. Charles Hannon testified that previous to the erection of the sign this county road, adjacent to and for a considerable distance south of interstate highway 80, had been closed and was no longer maintained for road purposes. Hannon further testified he was verbally given permission by the county authorities to build a fence across the road. No assurance was given him, however, that any portion of the county road was or would be vacat-

ed. The plaintiff proceeded to construct a large billboard on the county road in accordance with his lease with abutting landowner Hannon. Plaintiff thereafter rented this sign to the Bosselman Truck Plaza.

In September 1974, and again in December 1974, the county notified plaintiff to remove both signs from their locations on the closed but not vacated public roads. The signs were not removed and plaintiff brought this action seeking to enjoin the county from having its signs removed. The trial court ordered the removal of both signs within 60 days and dismissed the previous injunction which had been entered. We affirm the judgment of the trial court.

The plaintiff contends that counties operating under a township organization are not only relieved of the responsibility for the supervision and maintenance of township roads, but the county has no jurisdiction over township roads and the county did not possess the authority to compel plaintiff to remove its sign from the township road. The west Bosselman sign was constructed on a township road and Hall County operated under a supervisor system whereby each township has a township board. Section 39-1520, R. R. S. 1943, cited by plaintiff in support of its position, provides that the township board possesses the limited power of having general supervision of road and culvert work on township roads.

Other statutes relating to public roads, however, vest general supervision and control of the public roads in each county with the county board. Section 39-1402, R. R. S. 1943, provides as follows: "General supervision and control of the public roads of each county is vested in the county board. The board shall have the power and authority of establishment, improvement, maintenance and abandonment of public roads of the county and of enforcement of the

laws in relation thereto as provided by the provisions of this act."

Section 39-1401 (2), R. R. S. 1943, provides: "Public roads shall mean all roads within this state which have been laid out in pursuance of any law of this state, and which have not been vacated in pursuance of law, and all roads located and opened by the county board * * * and traveled for more than ten years * * *."

This statutory definition of public roads makes no distinction between county and township roads for the purposes of section 39-1402, R. R. S. 1943, which expressly grants control over public roads with the county board of the county wherein they are located. See, also, Henneburg v. County of Burt, 160 Neb. 250, 69 N. W. 2d 920 (1955).

The only remaining contention of the plaintiff in support of its action is that under the facts in the record, equity requires the county to be restrained from removing the signs until the expiration of the plaintiff's lease agreements with Bosselman Truck Plaza.

The record in this case establishes that the only representation by the county to Hannon, relating to the county road adjacent to interstate highway 80 abutting his land, was that the county road was closed. There was no representation that the road would be abandoned and vacated. Sections 39-1722 to 39-1725, R. R. S. 1943, provide specific procedures for the abandonment of county roads. These procedures were not executed in either portion of the roads on which the two signs are situated. The granting to Hannon of verbal permission to erect a fence across the closed county road did not convey to him any type of legal interest in the county road.

The facts in this case do not warrant the application of equitable estoppel to create any type of equitable interest in the plaintiff or third party defendants in the subject public roads.

The county has general jurisdiction and control over both township and county roads within Hall County, Nebraska, and by reason thereof the county possesses the authority to compel the removal of both the signs of the plaintiff. Neither road on which the signs are located has been abandoned by law, and no prescriptive rights in the subject public roads were acquired by the third party defendants.

The judgment of the trial court is, in all respects, affirmed.

AFFIRMED.