DLH, INC., DOING BUSINESS AS COACHES SPORTS BAR & GRILL, APPELLEE, V. THE LANCASTER COUNTY BOARD OF COMMISSIONERS ET AL., APPELLANTS.

648 N.W.2d 277

Filed July 19, 2002.   No. S-01-557.

Gary E. Lacey, Lancaster County Attorney, and David W. Johnson, Jr., for appellants.

K.C. Engdahl, of Raynor, Rensch & Pfeiffer, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

The Lancaster County Board of Commissioners, its individual members, and Lancaster County (collectively the Board) appeal from an order of the district court for Lancaster County granting declaratory relief in favor of DLH, Inc. The district court held that resolution No. 3557, adopted by the Board in

1980, was not a "valid and subsisting ordinance or regulation" within the meaning of Neb. Rev. Stat. § 53-134(6) (Cum. Supp. 2000), which pertains to revocation of liquor licenses by the governing bodies of political subdivisions.

## FACTS

This case was submitted to the district court on stipulated facts. DLH holds a valid and current Nebraska liquor license authorizing the sale of alcoholic liquor on its premises. DLH permits dancers to perform on its licensed premises nude, topless, and wearing G-strings. The premises are located within the corporate boundaries of and are under the jurisdiction of Lancaster County. The Board is a local governing body within the meaning of the Nebraska Liquor Control Act, Neb. Rev. Stat. §§ 53-101 to 53-1,121 (Cum. Supp. 2000).

On December 16, 1980, the Board adopted resolution No. 3557. The resolution refers to § 53-134 as authority for its adoption and resolves that "the following rules shall apply to all premises licensed to sell liquor under the jurisdiction of [Lancaster County]." Included in the "rules" is a prohibition against a licensee's allowing any live person to appear nude. Nudity is defined as "the showing of the human male or female genitals, pubic area or buttocks or the human female breast including the nipple or any portion of the breast below the nipple with less than a full opaque covering."

On August 3, 2000, the Board issued a cease and desist order requesting that DLH conform its business to the requirements of resolution No. 3557. On August 9, the Board issued a "Notice of Hearing for Revocation or Suspension of Liquor License" on DLH. On August 24, the Board found that DLH had violated resolution No. 3557 and voted to refer the violation to the Nebraska Liquor Control Commission (Commission). On October 3, the Board requested that the Commission conduct a formal revocation hearing. All of the actions undertaken and adopted by the Board were in reliance upon § 53-134(6). On October 19, the Commission voted to suspend DLH's liquor license and scheduled a November 3 revocation hearing.

DLH filed an amended petition for declaratory relief on October 26, 2000, naming the Board as defendants. The petition

alleged that a dispute had arisen between the parties concerning the applicability, validity, and enforceability of resolution No. 3557. The petition prayed for a declaratory judgment that resolution No. 3557 was not a valid and subsisting ordinance or regulation as defined in the Nebraska Liquor Control Act and an order permanently enjoining the Board from undertaking any future revocation or enforcement action based upon resolution No. 3557.

In an amended order dated April 12, 2001, the district court found that the resolution was not a "valid and subsisting ordinance or regulation duly enacted, adopted, and promulgated relating to alcoholic liquor" within the meaning of § 53-134(6). The court reasoned that the plain language of § 53-134 gave the Board power to take certain action relating to liquor licenses by resolution but specifically did not grant the power to revoke liquor licenses on the basis of a resolution. The district court also rejected the Board's argument that resolution No. 3557 should be considered a regulation, despite the absence of any evidence regarding the manner in which it was adopted. The Board filed this timely appeal, which we removed to our docket on our own motion pursuant to our authority to regulate the caseloads of the appellate courts of this state. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## ASSIGNMENTS OF ERROR

The Board assigns that the district court erred (1) in finding that resolution No. 3557 cannot be the basis by which it acts to revoke a liquor license when the district court did not address the issue of whether it was a valid regulation; (2) in finding that resolution No. 3557 was not a valid regulation or binding law because the Board did not follow other procedures, including the holding of a public hearing, when DLH did not sustain the burden of showing otherwise in attacking the validity of the resolution as a regulation; and (3) in considering that the Board offered no evidence that the resolution had become a regulation or actually was a regulation when DLH had the burden of showing the regulation was not valid.

## STANDARD OF REVIEW

In an appeal from a declaratory judgment, an appellate court, regarding questions of law, has an obligation to reach its

conclusion independently of the conclusion reached by the trial court. *Ohio Cas. Ins. Co. v. Carman Cartage Co.*, 262 Neb. 930, 636 N.W.2d 862 (2001); *Continental Western Ins. Co. v. Conn*, 262 Neb. 147, 629 N.W.2d 494 (2001).

## ANALYSIS

The primary issue presented in this appeal is whether a violation of resolution No. 3557, if proved, could serve as a lawful basis for the Board to revoke a liquor license. In its brief, DLH argues that a county has no legal authority or basis to regulate sales of alcoholic beverages. The Board relies upon § 53-134 as the legal authorization for resolution No. 3557. At all times relevant to this action, that statute provided in relevant part:

> The local governing body of any city or village . . . and the local governing body of any county with respect to licenses not within the corporate limits of any city or village but within the county shall have the following powers, functions, and duties with respect to retail, bottle club, and craft brewery licenses:
>
> (1) To cancel or revoke for cause retail, bottle club, or craft brewery licenses to sell or dispense alcoholic liquor issued to persons for premises within its jurisdiction, subject to the right of appeal to the commission;
>
> (2) To enter or to authorize any law enforcement officer to enter at any time upon any premises licensed under the Nebraska Liquor Control Act to determine whether any provision of the act, any rule or regulation adopted and promulgated pursuant to the act, or any ordinance, resolution, rule, or regulation adopted by the local governing body has been or is being violated and at such time examine the premises of such licensee in connection with such determination;
>
> (3) To receive a signed complaint from any citizen within its jurisdiction that any provision of the act, any rule or regulation adopted and promulgated pursuant to the act, or any ordinance, resolution, rule, or regulation relating to alcoholic liquor has been or is being violated and to act upon such complaints in the manner provided in the act;
>
> (4) To receive retail license fees, bottle club license fees, and craft brewery license fees as provided in section 53-124

and pay the same, after the license has been delivered to the applicant, to the city, village, or county treasurer;

(5) To examine or cause to be examined any applicant or any retail licensee, bottle club licensee, or craft brewery licensee upon whom notice of cancellation or revocation has been served as provided in the act, to examine or cause to be examined the books and records of any applicant or licensee, and to hear testimony and to take proof for its information in the performance of its duties. For purposes of obtaining any of the information desired, the local governing body may authorize its agent or attorney to act on its behalf;

(6) To cancel or revoke on its own motion any license if, upon the same notice and hearing as provided in section 53-134.04, it determines that the licensee has violated any of the provisions of the act *or any valid and subsisting ordinance or regulation duly enacted, adopted, and promulgated relating to alcoholic liquor.*

(Emphasis supplied.) § 53-134.

Subsections (2) and (3) of this statute permit certain actions by local governing bodies based upon potential violations of resolutions, as well as violations of ordinances, rules, and regulations. Subsection (6) governing license revocation is worded differently. It authorizes a local governing body to cancel or revoke a liquor license if it determines that the licensee has violated the act "or any valid and subsisting ordinance or regulation duly enacted, adopted, and promulgated relating to alcoholic liquor."

■ Absent anything to the contrary, statutory language is to be given its plain and ordinary meaning, and a court will not look beyond the statute or interpret it when the meaning of its words are plain, direct, and unambiguous. *No Frills Supermarket v. Nebraska Liq. Control Comm.*, 246 Neb. 822, 523 N.W.2d 528 (1994). In addition, a county, like all political subdivisions, has only that power delegated to it by the Legislature, and a grant of power to a political subdivision is to be strictly construed. *Enterprise Partners v. County of Perkins*, 260 Neb. 650, 619 N.W.2d 464 (2000). In general, the terms "resolution" and "regulation" are not synonymous. A regulation is a "rule or order, having legal force, issued by an administrative agency or a local government." Black's Law

Dictionary 1289 (7th ed. 1999). A "resolution," on the other hand, is a "formal expression of an opinion, intention, or decision by an official body or assembly." *Id.* at 1313. See, also, *Sommerfeld v. City of Seward*, 221 Neb. 76, 375 N.W.2d 129 (1985) (distinguishing resolution from ordinance). Therefore, on its face, the statute does not permit revocation of a license based upon a violation of a resolution.

In its first assignment of error, however, the Board argues that the district court erred in not addressing the issue of whether resolution No. 3557 "contained a valid regulation." Brief for appellant at 4. Relying upon *Enterprise Partners, supra*, the Board contends that a county has general authority to enact regulations by resolution. In *Enterprise Partners*, we considered whether a county board could regulate livestock confinement facilities located within the county. We stated that "[a] county board may by resolution make regulations as may be necessary to promote the health, safety, and welfare of its public if it has adopted a comprehensive development plan," but concluded that because no such plan had been adopted, the regulations were invalid. *Id.* at 659, 619 N.W.2d at 470. This reference to the county's authority to regulate by resolution was derived from Neb. Rev. Stat. § 23-174.10 (Reissue 1997), cited and quoted in *Enterprise Partners*, which states that "[i]n any county which has adopted county zoning regulations, the county board, by resolution, may make regulations as may be necessary or expedient to promote the public health, safety, and welfare . . . ." Here, the Board has directed us to no analogous statutory authority to regulate by resolution with respect to liquor licenses. In the absence of such authority, resolution No. 3557 cannot be deemed to be a regulation on its face, and the Board's first assignment of error is thus without merit.

In rejecting the claim that resolution No. 3557 was in fact a regulation, the district court reasoned that the Board offered no evidence that it held a public hearing and followed other procedures which would have been required in order to promulgate a resolution having the force of law. In its second and third assignments of error, the Board contends that the district court should have required DLH to prove that resolution No. 3557 was not a valid regulation, rather than requiring the Board to establish its

validity. The Board bases this argument upon *County of York v. Tracy*, 5 Neb. App. 240, 558 N.W.2d 815 (1996), and *Gas 'N Shop v. City of Kearney*, 248 Neb. 747, 539 N.W.2d 423 (1995), which hold that a zoning ordinance or regulation will be presumed valid in the absence of clear and satisfactory evidence to the contrary.

The resolution under consideration here does not pertain to zoning and, as we have noted, there is no statute which permits a county to regulate by resolution in the field of liquor license revocation. We agree with the district court that on its face, resolution No. 3557 is only what it purports to be, namely, a *resolution* by the county board that certain rules shall apply to holders of retail liquor licenses. As such, it cannot be transformed into a regulation by a claimed presumption of validity. A presumption that a resolution is a valid regulation would arise only if there were some legal authority for regulating by resolution, as in the case of a county board resolution that adopts zoning regulations. See, Neb. Rev. Stat. § 23-172 (Reissue 1997); § 23-174.10. Because it was not entitled to a presumption that resolution No. 3557 was a valid *regulation*, the Board was required to present evidence in support of its contention that the resolution was adopted in compliance with all legal requirements for adoption of a regulation. The stipulated facts provide no basis for this claim, and the Board's second and third assignments of error are therefore without merit. Because we agree with the district court that resolution No. 3557 is not a regulation within the meaning of § 53-134(6), we do not reach DLH's argument that the Board lacked legal authority to regulate with respect to the sale of alcoholic beverages within Lancaster County.

## CONCLUSION

For the reasons discussed herein, we conclude that on the record presented, the district court did not err in entering a declaratory judgment that "Resolution No. 3557 does not constitute a valid and subsisting ordinance or regulation" within the meaning of § 53-134(6). The judgment of the district court is affirmed.

AFFIRMED.