CHARLES A. MICHEL, APPELLEE, V.
NUWAY DRUG SERVICE, INC., APPELLANT.
717 N.W.2d 528

Filed July 11, 2006.    No. A-05-1351.

James D. Hamilton, of Baylor, Evnen, Curtiss, Grimit & Witt, L.L.P., for appellant.

Jerold V. Fennell for appellee.

IRWIN and CARLSON, Judges.

CARLSON, Judge.

## INTRODUCTION

Nuway Drug Service, Inc. (Nuway), appeals from an order of a Nebraska Workers' Compensation Court three-judge review panel affirming the trial court's award of benefits to Charles A. Michel. On appeal, Nuway contends that the court erred in finding that Michel's small bowel obstruction was a compensable consequence of, and causally related to, the gunshot brain injury and resultant paralysis suffered by Michel on or about January 5, 1973. For the reasons set forth below, we affirm.

## BACKGROUND

On December 3, 2003, Michel filed a petition, stating that on January 5, 1973, he suffered an injury when a bullet struck him above his right eye at work. As a result of his gunshot wound, Michel suffers from left-sided paralysis with associated brain injury, complex partial seizures, and muscle contraction headaches. The parties stipulated that Michel is permanently, totally disabled as a result of his compensable injuries on January 5, 1973. What is at issue are the compensability of a bowel obstruction suffered by Michel in 2001 and whether that obstruction is related to Michel's original injury. In its answer, Nuway denied any liability for Michel's small bowel obstruction. Trial was held on February 18, 2005.

At trial, Michel's deposition was entered into evidence. In that deposition, Michel stated that after his 1973 accident, his

mother cared for him at home from approximately 1975 until 2001. Michel also testified that as a result of his accident, his routine at home involved the use of a weekly suppository in addition to a biweekly enema. Michel testified that he continued this routine into July 2001 and did not have any problems with bowel obstructions until July 6.

On that date, Michel went to the emergency room with complaints of constipation, nausea, and vomiting. Subsequently, Michel "was intubated and placed on a ventilator" and a tracheotomy was performed. The hospital discharged Michel on September 6, 2001, and he was placed at a nursing home. Prior to his discharge from the hospital, doctors diagnosed Michel as having a "[s]mall bowel obstruction of uncertain etiology" and "[s]epsis secondary to [a] line infection."

At trial, Michel introduced evidence from two expert witnesses, Drs. John Hannam and Thomas McGruder. In a letter dated December 7, 2004, Hannam responded "'yes'" to Michel's counsel's question of whether Michel's small bowel obstruction was most probably a complication of Michel's post-traumatic brain condition. Furthermore, Hannam stated, "The left-sided [paralysis] which [Michel] suffers from as a result of the old brain injury does put him at a high risk for a bowel obstruction and/or an ileus."

In a deposition, McGruder also opined that the bowel obstruction suffered by Michel in July 2001 was most probably related to Michel's primary diagnosis of brain injury. Additionally, McGruder stated that in his experience, people with head injuries who are bedridden commonly develop bowel obstructions or an ileus, which is an intestinal obstruction.

Nuway offered the opinion of a third medical doctor, who stated in a letter dated January 31, 2005, that "there is no compelling evidence that [a gunshot wound to the brain] can cause small bowel obstruction."

In an order filed April 22, 2005, the trial court found that Michel's small bowel obstruction was a compensable consequence of and therefore causally related to Michel's brain injury. The trial court ordered Nuway to pay all of Michel's medical expenses relating to his bowel obstruction, in addition to the associated expenses for Michel's residential care and any future

medical expenses deemed reasonably necessary. Nuway appealed, and the review panel affirmed in an order filed October 7. Nuway appeals.

## ASSIGNMENTS OF ERROR

On appeal, Nuway contends that the trial court erred in (1) finding that Michel's small bowel obstruction was causally related to Michel's original injury; (2) determining that Michel's expenses related to his small bowel obstruction were necessary, in addition to being fair and reasonable; and (3) finding that Nuway is liable for Michel's residential care and Michel's future medical expenses resulting from the bowel obstruction.

## STANDARD OF REVIEW

An appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Zavala v. ConAgra Beef Co.*, 265 Neb. 188, 655 N.W.2d 692 (2003). An appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law. *Green v. Drivers Mgmt., Inc.*, 263 Neb. 197, 639 N.W.2d 94 (2002).

## ANALYSIS

On appeal, Nuway contends that the trial court erred in finding that Michel's small bowel obstruction was causally related to Michel's original injury. Specifically, Nuway contends that the opinions of Hannam and McGruder were not sufficient to establish causation.

In a letter dated December 7, 2004, Hannam responded " 'yes' " to counsel's question of whether Michel's small bowel obstruction was most probably a complication of Michel's post-traumatic brain condition. Furthermore, Hannam stated, "The left-sided [paralysis] which [Michel] suffers from as a result of the old brain injury does put him at a high risk for a bowel obstruction and/or an ileus."

In a deposition, McGruder also opined that the bowel obstruction suffered by Michel in July 2001 was most probably related to Michel's primary diagnosis of brain injury. Additionally, McGruder stated that in his experience, people with head injuries who are bedridden commonly develop bowel obstructions or an ileus, which is an intestinal obstruction.

The trial court found that Michel had met his burden of proof, stating that

> [b]ased on my review of the medical evidence as a whole, I find the small bowel obstruction was a compensable consequence of and, therefore, causally related to the gunshot brain injury which caused the left-sided [paralysis]. . . . Hannam noted that such individuals are at high risk for bowel obstructions and . . . Michel's caregivers have long been cognizant of that risk.

Medical testimony offered to support a workers' compensation award must be based on a reasonable degree of medical certainty. *Starks v. Cornhusker Packing Co.*, 254 Neb. 30, 573 N.W.2d 757 (1998); *Paulsen v. State*, 249 Neb. 112, 541 N.W.2d 636 (1996). In *Welke v. City of Ainsworth*, 179 Neb. 496, 504, 138 N.W.2d 808, 813 (1965), the Nebraska Supreme Court stated, "Where the [physician's] testimony gives rise to conflicting inferences of equal degree of probability so that the choice between them is a mere matter of conjecture, a compensation award cannot be sustained." However, "[w]here . . . the inferences are not equally consistent and the more probable conclusion is that for which the claimant contends, . . . the claimant sustains his burden of proof on the element involved." *Id.* at 504-05, 138 N.W.2d at 813. The Supreme Court has also stated, " 'Magic words' indicating that an expert's opinion is based on a reasonable degree of medical certainty or probability are not necessary." *Paulsen v. State*, 249 Neb. at 121, 541 N.W.2d at 643.

In *Miner v. Robertson Home Furnishing*, 239 Neb. 525, 532, 476 N.W.2d 854, 860 (1991), quoting *Welke v. City of Ainsworth, supra*, the Supreme Court held that medical testimony expressed in terms of " 'possibility' " was not sufficient, while such testimony couched in terms of " 'probability' " was sufficient. Specifically, in *Welke v. City of Ainsworth*, the Supreme Court held that the evidence established causation between a

police officer's herniated disk and a scuffle that the officer had engaged in at work while attempting to arrest a person for disturbing the peace and intoxication. The court based its conclusion on a doctor's opinion that the officer's disability was " 'probably' " due to the scuffle. *Id.* at 502, 138 N.W.2d at 812.

In the instant case, both Hannam and McGruder opined that the bowel obstruction suffered by Michel in July 2001 was most probably related to Michel's primary diagnosis of brain injury. Therefore, neither Hannam's nor McGruder's opinions give rise to conflicting inferences, rendering the choice between them a matter of conjecture. Rather, although neither doctor used "magic words," both doctors' opinions indicate a conclusion to a reasonable degree of medical certainty that Michel's bowel obstruction was causally related to the gunshot injury suffered by Michel in 1973. Therefore, we reject Nuway's argument that Hannam's and McGruder's opinions were insufficient to determine causation.

Nuway also argues that McGruder lacked any factual basis for his opinion. More specifically, Nuway points to the fact that McGruder's opinions are suspect because McGruder was unaware of the exact date of Michel's tracheotomy. Our review of the record shows that when Michel's tracheotomy was performed is not relevant to the causation question in the instant case. Furthermore, we note that Nuway did not make any objections to McGruder's opinion on the ground of insufficient factual basis during McGruder's deposition.

If, when inadmissible evidence is offered, the party against whom such evidence is offered consents to its introduction, or fails to object, or to insist upon a ruling on an objection to the introduction of the evidence, and otherwise fails to raise the question as to its admissibility, that party is considered to have waived whatever objection the party may have had thereto, and the evidence is in the record for consideration the same as other evidence. *Diversified Telecom Servs. v. Clevinger*, 268 Neb. 388, 683 N.W.2d 338 (2004).

Nuway also argues the trial court erred in finding that Michel's expenses related to his small bowel obstruction were necessary, fair, and reasonable and that Nuway is liable for Michel's residential care in addition to Michel's future medical

expenses. Although Nuway assigns these as error, it does not discuss them in its brief. In the absence of plain error, an appellate court considers only claimed errors which are both assigned and discussed. *County of Sarpy v. City of Gretna*, 267 Neb. 943, 678 N.W.2d 740 (2004). Given that we find no plain error, we do not consider Nuway's remaining assignments of error.

## CONCLUSION

After reviewing the record, we conclude that the trial court did not err in finding that Michel's small bowel obstruction was causally related to Michel's original injury or in adopting the expert opinions of Hannam and McGruder. Given that Nuway does not address its other assignments of error, we do not discuss them here. For these reasons, the review panel's order affirming the trial court's award of benefits to Michel is affirmed.

AFFIRMED.

SIEVERS, Judge, participating on briefs.