REQUESTED BY: Michael J. Flood, Senator
Nebraska State Legislature
You have requested our opinion whether the use of "construction management at risk" services is prohibited under Nebraska law. We have learned from your staff that your specific question is whether community colleges may use this method for their construction projects. You have also stated that, if the use of such services by community colleges is prohibited, you may introduce legislation on this topic.
According to the information that you have submitted to our office, the construction management at risk method is an alternative to the traditional "design — bid — build" method of building construction. The term "construction management at risk contract" is defined at Neb. Rev. Stat. § 79-2003(1) as follows:
Construction management at risk contract means a contract by which a construction manager (a) assumes the legal responsibility to deliver a construction project within a contracted price to the school district, (b) acts as a construction consultant to the school district during the design development phase of the project when the school district's architect or engineer designs the project, and (c) is the builder during the construction phase of the project;
This statutory definition is part of the Nebraska Schools Construction Alternatives Act which was enacted in 2002 and applies solely to school districts. Our review of Nebraska statutes reveals this is the only mention of this term in current statutes.
With your request letter you enclosed information submitted by the Executive Director of the Associated General Contractors, Nebraska Building Chapter. That letter explains that, in the construction management at risk method, the construction manager is also the constructor and that the construction manager/constructor "typically provides preconstruction services, holds the trade contracts, takes responsibility for performance of the actual work and guarantees the construction costs and schedule."
You have also provided us with a letter you received from the State Auditor which suggests that the construction management at risk method can not be employed by political subdivisions in Nebraska because a facility would need to be designed prior to accepting bids for the construction portion of the project. You then ask our office whether construction management at risk services are prohibited under Nebraska law and you note that school districts in Nebraska as well as the University of Nebraska system have built several buildings using construction management at risk services.
In Nebraska, community colleges are governed, in part, by the Coordinating Commission for Postsecondary Education. The Commission is a state agency which has been established under the Nebraska Constitution as the entity "which shall, under the direction of the Legislature, be vested with the authority for coordination of public postsecondary educational institutions." Neb. Const. art. VII, § 14. By virtue of this constitutional provision, the Commission has the authority to review and approve or disapprove capital construction projects which utilize tax funds designated by the Legislature. See, also, the Coordinating Commission for Postsecondary Education Act, Neb. Rev. Stat. §§ 85-1401 to85-1420 (1999, Cum. Supp. 2006 and Supp. 2007).
While subject to coordination by the Commission, locally governed community college areas have been established with each community college area governed by a board of governors. Neb. Rev. Stat. §§ 85-1504
and 85-1506 (1999). These local political subdivisions also have duties with regard to construction projects.
The Nebraska Supreme Court has held, "[a]dministrative bodies…have only that authority specifically conferred upon them by statute or by construction necessary to achieve the purpose of the relevant act." Jolly v. State, 252 Neb. 289, 562, N.W.2d 61 (1997). The same may be said of political subdivisions of the State. A political subdivision has no inherent authority. Rather, it "has only that power delegated to it by the Legislature, and a grant of power to a political subdivisions is to be strictly construed." DLH, Inc. v. Lancaster County Board of Commissioners, 264 Neb. 358, 362, 648 N.W.2d 277, 280 (2002). We have found no statute which expressly delegates to community colleges the authority to employ the construction management at risk method. Moreover, with regard to community colleges, Neb. Rev. Stat. § 85-1519
(1999) provides that each community college board of governors "shall adopt plans and specifications in advance of letting bids for any capital construction project. Such plans and specifications shall be the basis upon which the bids are received." This statutory language may be said to reflect legislative intent that boards first adopt a design before accepting bids from contractors. In other words, such language appears to reflect the more traditional design — bid — build method.
While you note that school districts and the University of Nebraska system currently use the construction management at risk method for their capital construction projects, we note that those entities are governed by different statutes. For example, school districts in Nebraska have been specifically authorized by our legislature to use the construction management at risk method in the Nebraska Schools Construction Alternatives Act. Neb. Rev. Stat. §§ 79-2001 to 79-2015
(2002).
For all of these reasons, we believe there is insufficient statutory authority for the use of the construction management at risk services by community colleges. You may wish to consider appropriate legislature to ensure that this method may be employed.
Sincerely,
JON BRUNING
Attorney General
Lynn A. Melson
Assistant Attorney General
Approved by: