HOYT BROTHERS, INC., APPELLANT, V. CITY OF LINCOLN ET AL., APPELLEES.

FILED JANUARY 2, 1936. No. 29408.

W. A. Ehlers, for appellant.

Loren H. Laughlin and H. B. Porterfield, contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

ROSE, J.

This is a suit in equity for an injunction to prevent Max Kier, city attorney of Lincoln, and William C. Condit, chief of police of Lincoln, from interfering with agents of plaintiff in soliciting in Lincoln orders for ordinary merchandise for future delivery. In violation of two city ordinances forbidding peddling without a license and without payment of an occupation tax, two agents of plaintiff solicited orders for merchandise for future delivery and were prosecuted and fined therefor. Continued prosecutions were threatened. The ordinances defined the taking of orders for present or future delivery of merchandise as "peddling." The petition alleged the ordinances were void on the ground, among others, that they were unreasonable and confiscatory, amounting to a prohibition of the lawful business in which plaintiff is engaged. Upon a trial of the cause, the district court dismissed the suit in equity, and plaintiff appealed.

Are the city ordinances enforceable against agents of plaintiff? Plaintiff is a corporation organized under the laws of New Jersey and manufactures in Newark, in that state, extracts, spices, toilet articles and other things. The products are sold in both interstate and intrastate commerce in the principal cities of the country. It has a branch office and a warehouse in Omaha and an office in Lincoln. It sells merchandise manufactured by plaintiff only; men hired and sent out to solicit orders for future delivery; ten men engaged for Lincoln; solicitors carry samples, price list and order book; orders taken for future delivery on basis of price list and samples; no payments collected at the time; agents solicit orders by going from house to house; orders inspected by branch manager; orders in Lincoln, if approved, filled from stock in Omaha warehouse; has stock in warehouse before orders are taken; no goods sold along the streets. Evidence tending to prove the foregoing facts is uncontradicted.

Of the ten solicitors engaged for service in Lincoln, two were prosecuted, convicted and fined in municipal court for violating the ordinances and appealed to the district court, where the fines were affirmed. Proceedings in error from the district court to the supreme court were dismissed on the ground that appeals were the exclusive remedies for review, but it was distinctly stated in the opinion that the validity of the city ordinances was not determined. *Hoover v. State,* 126 Neb. 277, 253 N. W. 359. To prevent the prosecutions from multiplying, plaintiff suspended business in Lincoln pending a test of the ordinances.

Ordinance 1232 requires a peddler plying his business for a month to pay a license fee of $15. Ordinance 3134 imposes on a peddler an occupation tax of $40 a month. Estimated by the month, the sum of the license fee and the occupation tax is $55 for each solicitor of plaintiff. The undisputed evidence is that the average earnings of each solicitor in net profits to plaintiff is about $2 for a working day, or less than $55 a month. Each solicitor, taking orders for future delivery only, defined by ordinance as a "peddler," is required to pay both the license fee and the occupation tax. It follows, therefore, that the ordinances impose upon a solicitor a burden equal to or in excess of his net earnings for plaintiff. On this basis the ordinances, as applicable to plaintiff, are confiscatory and amount to a prohibition of the right to transact business in Lincoln. Profit, the incentive to private enterprise, will be gone, if the municipal legislation is enforced against plaintiff. The law is that "such taxes must be reasonable, considering the nature of the business, and not so high as to prohibit the carrying on of the business." *Caldwell v. City of Lincoln,* 19 Neb. 569, 27 N. W. 647; *Petersen Baking Co. v. City of Fremont,* 119 Neb. 212, 228 N. W. 256. On the record, therefore, these ordinances, in their present form, are not enforceable against plaintiff or its agents, when the nature of the business is considered. It is equally clear that plaintiff does not have an adequate remedy at law to prevent irreparable injury. In a proper case, a court of equity may

exercise jurisdiction to prevent a multiplicity of prosecutions to collect confiscatory fines for violations of city ordinances where their continued enforcement to recover penalties will interfere with the transaction of commercial business lawful in itself and result in irreparable injury. An injunction, however, is not grantable on the trial *de novo*, since the chief of police who directed the arrest of plaintiff's agents and the city attorney who prosecuted them are not now in office. Their successors are not parties hereto and there is nothing in the record to indicate that the present city officers will interfere with plaintiff's business under existing ordinances. For the purpose of further proceedings, the judgment of the district court is reversed and the cause remanded.

REVERSED.