HARRY M. SMITH, APPELLEE, v. CANAL INSURANCE COMPANY, AN INSURANCE CORPORATION, APPELLANT.

173 N. W. 2d 36

Filed December 12, 1969. No. 37301.

Cobb, Swartz & Wieland and William A. Ahlstrand, for appellant.

Wilson, Barlow & Watson, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

The insured named in an owner's policy certified under the Motor Vehicle Safety Responsibility Act operated a newly acquired automobile without notifying the insurer. The operation resulted in a traffic accident, judgment on plaintiff's negligence claim against the insured for $2,709.25, and plaintiff's present action against the insurer. The district court rendered judgment for plaintiff, and defendant has appealed. Plaintiff admitting the lack of notification and therefore of coverage under the policy apart from the act, the parties argue the effect of the act.

The policy declarations list named insured Merle F. Everhart, Jr.; policy period from November 13, 1964,

to May 13, 1965; public liability coverages; and one automobile, a 1964 Chevrolet Impala. From April to November 1964, Merle, Jr., paid his father monthly installments to purchase the Impala. In applying for the policy he informed defendant's agent that title was in Merle, Sr., but that Merle, Jr., would be the principal driver. Defendant on form SR 22 then certified the owner's policy pertaining to the Impala, the State having suspended the driver's license of Merle, Jr. The license was reinstated on the strength of the SR 22.

In December 1964, Merle, Jr., purchased a 1957 Oldsmobile with certificate of title in his name. His testimony is that: "When it was running I used the Olds but when it wasn't I used the Chevy." On March 5, 1965, he traded the Oldsmobile in for a 1960 Chevrolet with title and registration in himself and wife. After that time all interest in the Impala was owned by Merle, Sr. The collision of the 1960 Chevrolet, operated by Merle, Jr., and plaintiff's automobile happened on May 1 while the SR 22 was still in effect.

The Motor Vehicle Safety Responsibility Act reads: "A motor vehicle liability policy . . . shall mean an owner's or an operator's policy . . . ." § 60-533, R. R. S. 1943. "Such . . . policy: (1) Shall designate by explicit description or by appropriate reference all motor vehicles with respect to which coverage is thereby to be granted; . . . ." § 60-534, R. R. S. 1943. "Such . . . policy shall insure the person named as insured therein against . . . liability . . . arising out of the use by him of any motor vehicle not owned by him . . . ." § 60-535, R. R. S. 1943. ". . . (1) The liability of the insurance carrier with respect to the insurance required by sections 60-501 to 60-569 shall become absolute whenever injury or damage covered by said . . . policy occurs . . . and no violation of said policy shall defeat or void said policy . . . ." § 60-538, R. R. S. 1943.

A close reading of the act supports defendant's position. Cf. Ohm v. Fireman's Fund Indemnity Co., 211

Ore. 596, 317 P. 2d 575 (1957). Public policy of protecting the third party against loss caused by negligence of the financially irresponsible motorist is, however, especially strong. A policy defense good against the insured may be unavailing against the third party. The act concerning a third-party claim requires an owner's SR 22 policy to cover risks pertaining to an automobile that has replaced an automobile designated in the policy. See, Nimeth v. Felling, 165 N. W. 2d 237 (Minn., 1969); Farm Bureau Auto Ins. Co. v. Martin, 97 N. H. 196, 84 A. 2d 823 (1951).

The 1960 Chevrolet was a replacement automobile within our construction of the act concerning third-party claims. The judgment is affirmed.

AFFIRMED.