ALLIED MUTUAL INSURANCE COMPANY, APPELLANT, V. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, APPELLEE.

502 N.W.2d 484

Filed July 16, 1993.   No. S-91-119.

Stephen L. Ahl and Michael A. England, of Wolfe, Anderson, Hurd, Luers & Ahl, for appellant.

Patrick W. Healey, of Healey Wieland Law Firm, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

PER CURIAM.

Allied Mutual Insurance Company requested a declaratory judgment concerning an automobile liability policy issued by State Farm Mutual Automobile Insurance Company to Annette Gonzales, who was a passenger in her automobile driven by Laurie Messersmith. Gonzales was injured in a one-car accident resulting from Messersmith's operation of the Gonzales car.

## FACTS

At the time of the one-car accident on April 29, 1988, Messersmith, with permission from Gonzales, was driving Gonzales' automobile. Gonzales was a passenger in the automobile and was injured when the automobile left the road. Subsequently, Gonzales sued Messersmith for negligent operation of the automobile and personal injury.

Gonzales' policy stated that State Farm would "pay damages which an insured becomes legally liable to pay because of: . . . bodily injury to others, and . . . caused by accident resulting from the ownership, maintenance or use of your car." The policy further states that when "your car" is referred to, "insured" includes "any other person while using such a car if its use is within the scope of consent of you or your spouse." As the result of Gonzales' consent to Messersmith's using the car, Messersmith was an insured under the State Farm policy issued to Gonzales.

When Gonzales sued, Messersmith tendered the defense to

State Farm. However, State Farm refused to defend Messersmith, claiming that Gonzales was an insured under the State Farm policy which excluded coverage for bodily injuries to any insured: "There is no coverage . . . for any bodily injury to . . . any insured or any member of an insured's family residing in the insured's household." After State Farm's refusal to defend, Allied defended Messersmith and incurred costs of $2,406. Allied then filed suit against State Farm, asking the court to declare that State Farm was obligated to defend Messersmith pursuant to the policy issued to Gonzales and, further, seeking recovery of the costs expended by Allied in defending Messersmith.

The district court found, on the basis of stipulated facts, that the "household exclusion" in State Farm's policy relieved State Farm of its duty to defend Messersmith against Gonzales' bodily injury claim and that the financial responsibility requirements contained in Neb. Rev. Stat. §§ 60-534 to 60-548 (Reissue 1988) did not override the provisions of the exclusion contained in State Farm's policy.

## ASSIGNMENTS OF ERROR

Allied argues that the district court erred in (1) holding that the household exclusion clause of State Farm's policy is not contrary to public policy of the State of Nebraska as expressed in Neb. Rev. Stat. §§ 60-302 and 60-501(10) (Reissue 1988) and (2) finding that State Farm had no duty to defend Messersmith against Gonzales' negligence claim.

## STANDARD OF REVIEW

Interpretation of an unambiguous term or provision in an insurance policy presents a question of law. See *Polenz v. Farm Bureau Ins. Co.*, 227 Neb. 703, 419 N.W.2d 677 (1988). "In an appeal from a declaratory judgment, the appellate court, regarding questions of law, has an obligation to reach its conclusion independent from the conclusion reached by the trial court." *State ex rel. Spire v. Northwestern Bell Tel. Co.*, 233 Neb. 262, 265, 445 N.W.2d 284, 287 (1989). Accord, *State Bd. of Ag. v. State Racing Comm.*, 239 Neb. 762, 478 N.W.2d 270 (1992); *Cornhusker Christian Ch. Home v. Dept. of Soc. Servs.*, 227 Neb. 94, 416 N.W.2d 551 (1987). See *Boisen v.*

*Petersen Flying Serv.*, 222 Neb. 239, 383 N.W.2d 29 (1986).

### HOUSEHOLD EXCLUSION

Allied argues that the household exclusion clause of State Farm's policy is contrary to the public policy of the State of Nebraska expressed in §§ 60-302 (proof of financial responsibility required for registration of a motor vehicle) and 60-501(10) (definition of "proof of financial responsibility") and, therefore, is unenforceable. Section 60-302 provides, in pertinent part:

> No motor vehicle . . . shall be operated on the highways of this state unless such vehicle is registered in accordance with Chapter 60, article 3. . . .
>
> *All applications for registration of motor vehicles shall be accompanied by proof of financial responsibility.* Proof of financial responsibility shall be evidenced by a copy of proof of financial responsibility filed pursuant to subdivision (2), (3), or (4) of section 60-528 bearing the seal of the Department of Motor Vehicles or by a certificate or policy of insurance. Such certificate or policy of insurance shall be written by an insurance carrier duly authorized to do business in this state and shall certify that there is in effect a motor vehicle liability policy for the benefit of the person required to furnish proof of financial responsibility. Such certificate or policy shall give the effective dates of such motor vehicle liability policy . . . and shall designate . . . all motor vehicles covered thereby.

(Emphasis supplied.) Section 60-302 contains no other specifications concerning the contents of an insurance certificate or liability policy required for registration of a motor vehicle.

Allied contends that the "proof of financial responsibility" required by § 60-302 is defined in § 60-501(10), which states that "proof of financial responsibility" means

> evidence of ability to respond in damages for liability, on account of accidents occurring subsequent to the effective date of such proof, arising out of the ownership, maintenance, or use of a motor vehicle, (a) in the amount

of twenty-five thousand dollars because of bodily injury
to or death of one person in any one accident . . . .

However, § 60-501 is part of the Motor Vehicle Safety
Responsibility Act pertaining to postaccident proof of ability to
respond to damages from a motor vehicle accident and is not
incorporated into the general registration requirements of
§ 60-302 or into any other statutory provision in chapter 60,
article 3. The Motor Vehicle Safety Responsibility Act, Neb.
Rev. Stat. § 60-501 et seq. (Reissue 1988 & Cum. Supp. 1992),
provides for suspension of the license of any operator of a
motor vehicle involved in an accident in Nebraska that results in
bodily injury, death, or substantial property damage, when the
operator does not have motor vehicle liability insurance or
other proof of financial responsibility at the time of the
accident. Suspension continues until the operator provides
proof of future financial responsibility. See §§ 60-507 and
60-508.

The contentions and arguments of the parties in this appeal
are substantially the same as those made in *Allied Mut. Ins. Co.
v. Musil*, 242 Neb. 64, 493 N.W.2d 171 (1992), issued on
December 18, 1992, after the briefs were filed in this appeal. In
*Allied Mut. Ins. Co. v. Musil*, 242 Neb. at 69, 493 N.W.2d at
174, we held that § 60-535 pertains "only to policies which have
been filed with the Nebraska Department of Motor Vehicles
and certified as proof of future financial responsibility
pursuant to the requirements of the [Motor Vehicle Safety
Responsibility Act]." Similarly, we hold today that the
definition of "financial responsibility," used in § 60-501(10),
applies only to policies used as proof of financial responsibility
specifically required for compliance with the Nebraska Motor
Vehicle Safety Responsibility Act. In all other situations, "[t]he
parties to an insurance contract may contract for any lawful
coverage, and the insurer may limit its liability and impose
restrictions and conditions upon its obligation under the
contract not inconsistent with public policy or statute." *Allstate
Ins. Co. v. Farmers Mut. Ins. Co.*, 233 Neb. 248, 252, 444
N.W.2d 676, 679 (1989). Thus,

a household exclusion clause contained in a policy of
motor vehicle liability insurance that is not used as proof

of future financial responsibility under the Motor Vehicle Safety Responsibility Act does not violate public policy of the State of Nebraska and is an enforceable provision in a policy of motor vehicle liability insurance.

*State Farm Mut. Auto. Ins. Co. v. Hildebrand, ante* p. 743, 749, 502 N.W.2d 469, 473 (1993).

## DUTY TO DEFEND

Allied also asserts that State Farm had a duty to defend Messersmith against Gonzales' negligence claim. An insurer's duty to defend is distinct from insurance coverage for a risk. Although an insurance policy itself may impose an obligation to defend and thereby impose a duty greater than the obligation to indemnify a loss, see, e.g., *Allstate Ins. Co. v. Novak*, 210 Neb. 184, 313 N.W.2d 636 (1981), the nature of the duty to defend is defined by the insurance policy as a contract, *Marx v. Hartford Acc. & Ind. Co.*, 183 Neb. 12, 157 N.W.2d 870 (1968). In determining whether a defense duty exists, "[t]he rule is well settled in Nebraska that an insurer's duty to defend an action against the insured must, in the first instance, be measured by the allegations of the petition against the insured." *Millard Warehouse, Inc. v. Hartford Fire Ins. Co.*, 204 Neb. 518, 527, 283 N.W.2d 56, 61 (1979). However, an insurer's decision whether to defend against a claim cannot be based solely on the allegations of a petition. Rather, "[a]n insurer has a duty to defend its insured whenever it ascertains facts which give rise to the potential of liability under the policy." *Allstate Ins. Co. v. Novak*, 210 Neb. at 195, 313 N.W.2d at 642. Nevertheless, if, according to facts alleged in a petition and ascertained by an insurer, the insurer has no potential liability to its insured under the insurance agreement, then the insurer may properly refuse to defend its insured. See *Thos v. Employers Mutual Cas. Co.*, 215 Neb. 424, 338 N.W.2d 784 (1983). Although an insurer is "obligate[d] . . . to defend all suits brought against the insured, even though groundless, false, or fraudulent, the insurer is not bound to defend a suit based on a claim outside the coverage of the policy." *Iowa Mut. Ins. Co. v. Meckna*, 180 Neb. 516, 524, 144 N.W.2d 73, 78-79 (1966). Accord *Gottula v. Standard Reliance Ins. Co.*, 165 Neb. 1, 84 N.W.2d 179 (1957).

As discussed above, the State Farm policy included the following exclusion: "There is no coverage . . . for any bodily injury to . . . any insured or any member of an insured's family residing in the insured's household." Gonzales was a named insured on the State Farm policy which covered the automobile involved in the accident. Thus, according to the plain language of the insurance policy in question, State Farm provided no coverage for injuries sustained by Gonzales as the result of the automobile accident; hence, State Farm had no potential liability under its insurance policy issued to Gonzales and properly refused to defend Messersmith.

Consequently, in the present case, since the allegations contained in Gonzales' petition and the facts ascertained by State Farm showed that State Farm had no potential liability under the insurance agreement between State Farm and Gonzales, then State Farm was not obligated to defend Messersmith. See *State Farm Fire & Cas. Co. v. van Gorder*, 235 Neb. 355, 455 N.W.2d 543 (1990).

## CONCLUSION

Because State Farm's insurance policy issued to Gonzales provided no coverage for injuries suffered by Gonzales as an insured, State Farm had no duty to defend Messersmith in a lawsuit brought by Gonzales to recover damages resulting from Messersmith's negligent operation of Gonzales' automobile. Therefore, the district court properly entered judgment for State Farm.

AFFIRMED.

SHANAHAN, J., concurring.

As I stated in my concurrence in *State Farm Mut. Auto. Ins. Co. v. Hildebrand, ante* p. 743, 502 N.W.2d 469 (1993), because the Nebraska Legislature has provided no specifications regarding what particular insurance coverage provides "financial responsibility," we cannot say that the household exclusion violates public policy of Nebraska. Therefore, I renew the concerns expressed in my concurring opinion for *State Farm Mut. Auto. Ins. Co. v. Hildebrand* and incorporate those expressions into this concurrence.

WHITE, FAHRNBRUCH, and LANPHIER, JJ., join in this concurrence.